UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No.:

SHERRIE SEMPLICINO,
KARLA KAM, KAREM KAM,
and JORGE BARRIOS

      Plaintiffs,

v.

SECURE MEDICAL PRODUCTS, INC.,
NOAH'S ROSE, LLC, ARK MEDICAL SOLUTIONS, LLC,
A ROSE RE, LLC, NOW WE R 4, LLC, ROSES ARK, LLC,
PAULINA LACS-FRANCO, an individual, and
BRIAN SPERBER, an individual

      Defendants.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs, SHERRIE SEMPLICINO, KARLA KAM, KAREM KAM, and

JORGE BARRIOS, by and through undersigned counsel, and sue Defendants, SECURE

MEDICAL PRODUCTS, INC., NOAH'S ROSE, LLC, ARK MEDICAL SOLUTIONS, LLC, A

ROSE RE LLC, NOW WE R 4, LLC, ROSES ARK, LLC, PAULINA LACS-FRANCO, an

individual, and BRIAN SPERBER, an individual, and alleges as follows:

## **GENERAL ALLEGATIONS**

1.    Plaintiffs, KARLA KAM, JORGE BARRIOS, SHERRIE SEMPLICINIO, AND

KAREM KAM, bring this action against Defendants to recover unpaid wages and overtime wages

and other damages owed by Defendants to Plaintiffs by virtue of the Plaintiffs employment with

the Defendants.

2.       Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA").

3.       The unlawful employment practices and other actions by Defendants alleged below occurred and/or were committed within this judicial district.

4.       At all times material hereto, Plaintiff, SHERRIE SEMPLICINO, has been a citizen and resident of Palm Beach and Martin Counties, Florida.

5.       At all times material hereto, Plaintiff, KARLA KAM, has been a citizen and resident of Palm Beach County, Florida.

6.       At all times material hereto, Plaintiff, KAREM KAM, has been a citizen and resident of Palm Beach County, Florida.

7.       At all times material hereto, Plaintiff, JORGE BARRIOS, has been a citizen and resident of Broward County, Florida.

8.       At all times material hereto, SECURE MEDICAL PRODUCTS, INC., was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

9.       At all times material hereto, SECURE MEDICAL PRODUCTS, INC., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

10.      At all times material hereto, SECURE MEDICAL PRODUCTS, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

11.      At all times material hereto, NOAH'S ROSE, LLC was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

2

12.     At all times material hereto, NOAH'S ROSE, LLC, had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

13.     At all times material hereto, NOAH'S ROSE, LLC., upon information and belief, had revenue in excess of $500,000.00 per annum.

14.     At all times material hereto, ARK MEDICAL SOLUTIONS, LLC., was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

15.     At all times material hereto, ARK MEDICAL SOLUTIONS, LLC, had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

16.     At all times material hereto, ARK MEDICAL SOLUTIONS, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

17.     At all times material hereto, A ROSE RE, LLC, was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

18.     At all times material hereto, A ROSE RE, LLC, had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

19.     At all times material hereto, A ROSE RE, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

20.     At all times material hereto, NOW WE R 4, LLC., was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

21.     At all times material hereto, NOW WE R 4, LLC., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

22.     At all times material hereto, NOW WE R 4, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

23.     At all times material hereto, ROSES ARK, LLC., was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

24.     At all times material hereto, ROSES ARK, LLC., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

25.     At all times material hereto, ROSES ARK, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

26.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, SECURE MEDICAL PRODUCTS, INC., and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

27.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, NOAH'S ROSE, LLC, and this individual Defendant commonly controlled the day-to-day

4

operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

28.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, ARK MEDICAL SOLUTIONS, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

29.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, A ROSE RE, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

30.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, NOW WE R 4, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

31.     Defendant, PAULINA LACS-FRANCO, is an officer and/or owner of Defendant, ROSES ARK, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

32.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, SECURE MEDICAL PRODUCTS INC., and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

33.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, NOAH'S ROSE, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

34.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, ARK MEDICAL SOLUTIONS, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

35.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, A ROSE RE, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

36.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, NOW WE R 4, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

37.     Defendant, BRIAN SPERBER, is an officer and/or owner of Defendant, ROSES ARK, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

38.     At all times material hereto, PAULINA LACS-FRANCO was the joint employer for all listed Plaintiffs as defined by law.

39.     At all times material hereto, BRIAN SPERBER was the joint employer for all listed Plaintiffs as defined by law.

40.     At all times material hereto, all Plaintiffs were individually engaged in commerce while working for the Defendants

41.     Defendant, NOAH'S ROSE, LLC, received mail at SECURE MEDICAL PRODUCTS, INC.

42.     Defendant, ARK MEDICAL SOLUTIONS, LLC, received mail at SECURE MEDICAL PRODUCTS, INC. Further, ARK MEDICAL SOLUTIONS, LLC, leased the office for SECURE MEDICAL PRODUCTS, INC., and the Plaintiffs' employment contracts with SECURE MEDICAL PRODUCTS, INC. were in fact through ARK MEDICAL SOLUTIONS, LLC, making ARK MEDICAL SOLUTIONS, LLC a joint employer.

43.     Defendant, A ROSE RE, LLC, received mail at SECURE MEDICAL PRODUCTS, INC.

44.     Defendant, NOW WE R 4, LLC, received mail at SECURE MEDICAL PRODUCTS, INC.

45.     Defendant, ROSES ARK, LLC, received mail at SECURE MEDICAL PRODUCTS, INC.

46.     The Defendants operated under different names to avoid liability, but the companies' daily operations were indistinguishable from each other such that the companies presented themselves as one entity. Each separate company benefitted from operating as a single cohesive entity. Therefore, all Defendants face liability as a single cohesive entity.

47.     All conditions precedent have occurred or have been waived.

48.     Plaintiffs have engaged the undersigned attorney and are entitled to recover their attorneys' fees from the Defendants.

## COUNT I: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against Secure Medical Products, Inc)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

50.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, SECURE MEDICAL PRODUCTS, INC., from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

51.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

52.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

53.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

54.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

55.     By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

56.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT II: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against Paulina Lacs-Franco, an individual)

57.　　Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

58.　　Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

59.　　 The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

60.　　Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

61.　　During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

62.　　Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

63.　　By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

64.　　Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against Brian Sperber, an individual)

65.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

66.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, BRIAN SPERBER, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

67.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

68.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

69.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

70.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

71.     By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

72.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT IV: FLSA RECOVERY OF UNPAID WAGES
### (By Sherrie Semplicino against Ark Medical Solutions, LLC)

73.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

74.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

75.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

76.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

77.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

78.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

79.     By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

80.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT V: FLSA RECOVERY OF UNPAID MINIMUM WAGES
#### (By Sherrie Semplicino against Noah's Rose, LLC)

81.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

82.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, NOAH'S ROSE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

83.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

84.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

85.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

86.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

87.     By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

88.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against A Rose RE, LLC)

89.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

90.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, A Rose RE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

91.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

92.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

93.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

94.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

95.     By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

96.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against Now We R 4, LLC)

97.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

98.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, NOW WE R 4, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

99.      The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

100.    Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

101.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

102.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

103.    By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

104.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT VIII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Sherrie Semplicino against Roses Ark, LLC)

105.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

106.     Plaintiff, SHERRIE SEMPLICINO, worked for Defendant, ROSES ARK, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

107.     The Defendant agreed to pay the Plaintiff, SHERRIE SEMPLICINO, $80,000.00 per year and to pay earned wages on a bi-weekly basis.

108.     Plaintiff, SHERRIE SEMPLICINO, worked on average 40 hours per week and sometimes worked overtime.

109.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

110.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

111.     By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

112.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT IX: FLSA RECOVERY OF UNPAID MINIMUM WAGES
#### (By Karla Kam against Secure Medical Products, Inc)

113.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

114.    Plaintiff, KARLA KAM, worked for Defendant from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

115.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

116.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

117.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

118.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

119.    By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

120.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT X: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against Paulina Lacs-Franco, an individual)

121.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

122.   Plaintiff, KARLA KAM, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

123.   The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

124.   Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

125.   During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

126.   Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

127.   By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

128.   Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
#### (By Karla Kam against Brian Sperber, an individual)

129.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

130.    Plaintiff, KARLA KAM, worked for Defendant, BRIAN SPERBER, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

131.     The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

132.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

133.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

134.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

135.    By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

136.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against Ark Medical Solutions, LLC)

137.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

138.    Plaintiff, KARLA KAM, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

139.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

140.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

141.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

142.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

143.    By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages.

144.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XIII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against Noah's Rose, LLC)

145.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

146.   Plaintiff, KARLA KAM, worked for Defendant, NOAH'S ROSE, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

147.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

148.   Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

149.   During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

150.   Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

151.   By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

152.   Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XIV: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against A Rose RE, LLC)

153.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

154.     Plaintiff, KARLA KAM, worked for Defendant, A Rose RE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

155.      The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

156.     Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

157.     During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

158.     Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

159.     By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

160.     Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XV: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against Now We R 4, LLC)

161.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

162.    Plaintiff, KARLA KAM, worked for Defendant, NOW WE R 4, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

163.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

164.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

165.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

166.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

167.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

168.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XVI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karla Kam against Roses Ark, LLC)

169.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

170.    Plaintiff, KARLA KAM, worked for Defendant, ROSES ARK, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

171.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

172.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

173.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

174.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

175.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

176.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XV11: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against Secure Medical Products, Inc)

177.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

178.    Plaintiff, KAREM KAM, worked for Defendant, SECURE MEDICAL PRODUCTS, INC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

179.     The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

180.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

181.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

182.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

183.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

184.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XVIII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against Paulina Lacs-Franco, an individual)

185.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

186.    Plaintiff, KAREM KAM, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

187.     The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

188.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

189.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

190.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

191.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

192.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XIX: FLSA RECOVERY OF UNPAID MINIMUM WAGES
#### (By Karem Kam against Brian Sperber, an individual)

193.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

194.    Plaintiff, KAREM KAM, worked for Defendant, BRIAN SPERBER, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

195.     The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

196.    Plaintiff, KAREM KAM, worked on average 40 hours per Plaintiff is owed only for unpaid wages for her regular hours worked.

197.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

198.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

199.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

200.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XX: FLSA RECOVERY OF UNPAID MINIMUM WAGES
#### (By Karem Kam against Ark Medical Solutions, LLC)

201.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

202.    Plaintiff, KAREM KAM, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

203.     The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

204.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

205.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

206.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

207.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

208.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XXI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against Noah's Rose, LLC)

209.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

210.    Plaintiff, KAREM KAM, worked for Defendant, NOAH'S ROSE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

211.     The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

212.    Plaintiff, KAREM KAM, worked on average 40 hours per. Plaintiff is owed only for unpaid wages for her regular hours worked.

213.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

214.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

215.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

216.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XXII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against A Rose RE, LLC)

217.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

218.    Plaintiff, KAREM KAM, worked for Defendant, A ROSE RE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

219.    The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

220.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

221.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

222.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

223.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

224.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXIII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against Now We R 4, LLC)

225.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

226.    Plaintiff, KAREM KAM, worked for Defendant, NOW WE R 4, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

227.    The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

228.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

229.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

230.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

231.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

232.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXIV: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Karem Kam against Roses Ark, LLC)

233.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

234.    Plaintiff, KAREM KAM, worked for Defendant, Roses Ark, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Credentialing Manager.

235.    The Defendant agreed to pay the Plaintiff, KAREM KAM, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

236.    Plaintiff, KAREM KAM, worked on average 40 hours per week. Plaintiff is owed only for unpaid wages for her regular hours worked.

237.    During one or more workweeks, Defendant did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

238.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

239.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

240.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXV: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Secure Medical Products, Inc)

241.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

242.    Plaintiff, JORGE BARRIOS, worked for Defendant, SECURE MEDICAL PRODUCTS, INC., from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

243.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

244.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

245.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

246.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

247.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

248.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXVI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Paulina Lacs-Franco, an individual)

249.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

250.    Plaintiff, JORGE BARRIOS, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

251.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

252.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

253.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

254.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

255.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

256.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXVII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Brian Sperber, an individual)

257.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

258.    Plaintiff, JORGE BARRIOS, worked for Defendant, BRIAN SPERBER, an individual, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

259.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

260.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

261.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

262.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

263.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

264.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXVIII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Ark Medical Solutions, LLC)

265.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

266.    Plaintiff, JORGE BARRIOS, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

267.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

268.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

269.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

270.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

271.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

272.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XXIX: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Noah's Rose, LLC)

273.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

274.    Plaintiff, JORGE BARRIOS, worked for Defendant, NOAH'S ROSE, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

275.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

276.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

277.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

278.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

279.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

280.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXX: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against A Rose RE, LLC)

281.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

282.    Plaintiff, JORGE BARRIOS, worked for Defendant, A Rose RE, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

283.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

284.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

285.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

286.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

287.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

288.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXXI: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Now We R 4, LLC)

289.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

290.    Plaintiff, JORGE BARRIOS, worked for Defendant, NOW WE R 4, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

291.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

292.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

293.    During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

294.    Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

295.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

296.    Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT XXXII: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (By Jorge Barrios against Roses Ark, LLC)

297.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

298.   Plaintiff, JORGE BARRIOS, worked for Defendant, ROSES ARK, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

299.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

300.   Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

301.   During one or more workweeks, Defendant did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

302.   Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

303.   By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

304.   Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXIII: BREACH OF CONTRACT
### (By Sherrie Semplicino against Secure Medical Products, Inc)

305.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

306.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $80,000.00 per year.

307.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

308.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

309.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXIV: BREACH OF CONTRACT
### (By Sherrie Semplicino against Paulina Lacs-Franco, an individual)

310.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

311.   Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $80,000.00 per year.

312.   Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

313.   As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

314.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXV: BREACH OF CONTRACT
### (By Sherrie Semplicino against Brian Sperber, an individual)

315.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

316.   Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $80,000.00 per year.

317.   Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

318.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

319.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXVI: BREACH OF CONTRACT
### (By Sherrie Semplicino against Ark Medical Solutions, LLC)

320.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

321.     Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $80,000.00 per year.

322.     Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

323.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

324.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXVII: BREACH OF CONTRACT
### (By Karla Kam against Secure Medical Products, Inc)

325.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

326.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $49,920.00 per year.

327.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

328.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

329.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXVIII: BREACH OF CONTRACT
### (By Karla Kam against Paulina Lacs-Franco, an individual)

330.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

331.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $49,920.00 per year.

332.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

333.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

334.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XXXIX: BREACH OF CONTRACT
### (By Karla Kam against Brian Sperber, an individual)

335.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

336.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $49,920.00 per year.

337.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

338.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

339.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XL: BREACH OF CONTRACT
### (By Karla Kam against Ark Medical Solutions, LLC)

340.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

341.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $49,920.00 per year.

342.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

343.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

344.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLI: BREACH OF CONTRACT
### (By Karem Kam against Secure Medical Products, Inc)

345.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

346.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

347.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

348.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

349.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLII: BREACH OF CONTRACT
### (By Karem Kam against Paulina Lacs-Franco, an individual)

350.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

351.     Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

352.     Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

353.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

354.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLIII: BREACH OF CONTRACT
### (By Karem Kam against Brian Sperber, an individual)

355.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

356.     Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

357.     Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

358.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

359.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLIV: BREACH OF CONTRACT
### (By Karem Kam against Ark Medical Solutions, LLC)

360.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

361.     Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

362.     Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

363.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

364.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XLV: BREACH OF CONTRACT
### (By Jorge Barrios against Secure Medical Products, Inc)

365.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

366.   Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

367.   Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

368.   As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

369.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XLVI: BREACH OF CONTRACT
### (By Jorge Barrios against Paulina Lacs-Franco, an individual)

370.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

371.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

372.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

373.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

374.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLVII: BREACH OF CONTRACT
### (By Jorge Barrios against Brian Sperber, an individual)

375.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

376.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

377.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

378.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

379.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT XLVIII: BREACH OF CONTRACT
### (By Jorge Barrios against Ark Medical Solutions, LLC)

380.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

381.    Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $41,600.00 per year.

382.    Defendant breached the contract by, inter alia, failing to pay Plaintiff for all hours worked.

383.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

384.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XLIX: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Secure Medical Products, Inc)

385.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

386.    Plaintiff provided services to Defendant by serving as Operations Manager.

387.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

388.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

389.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

390.    Defendant has been unjustly enriched at the expense of the Plaintiff.

391.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

392.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT L: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Paulina Lacs-Franco, an individual)

393.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

394.   Plaintiff provided services to Defendant by serving as Operations Manager.

395.   By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

396.   Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

397.   The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

398.   Defendant has been unjustly enriched at the expense of the Plaintiff.

399.   Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

400.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LI: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Brian Sperber, an individual)

401.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

402.   Plaintiff provided services to Defendant by serving as Operations Manager.

403.   By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

404.   Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

405.   The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

406.   Defendant has been unjustly enriched at the expense of the Plaintiff.

407.   Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

408.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT LII: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Ark Medical Solutions, LLC)

409.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

410.   Plaintiff provided services to Defendant by serving as Operations Manager.

411.   By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

412.   Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

413.   The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

414.   Defendant has been unjustly enriched at the expense of the Plaintiff.

415.   Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

416.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT LIII: UNJUST ENRICHMENT

**(By Sherrie Semplicino against Noah's Rose, LLC)**

417.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 48 above as if fully set forth herein.

418.     Plaintiff provided services to Defendant by serving as Operations Manager.

419.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

420.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

421.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

422.     Defendant has been unjustly enriched at the expense of the Plaintiff.

423.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

424.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

**COUNT LIV: UNJUST ENRICHMENT**
**(By Sherrie Semplicino against A Rose RE, LLC)**

425.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

426.     Plaintiff provided services to Defendant by serving as Operations Manager.

427.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

428.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

429.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

430.    Defendant has been unjustly enriched at the expense of the Plaintiff.

431.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

432.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LV: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Now We R 4, LLC)

433.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

434.    Plaintiff provided services to Defendant by serving as Operations Manager.

435.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

436.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

437.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

438.    Defendant has been unjustly enriched at the expense of the Plaintiff.

439.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

440.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LVI: UNJUST ENRICHMENT
### (By Sherrie Semplicino against Roses Ark, LLC)

441.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

442.     Plaintiff provided services to Defendant by serving as Operations Manager.

443.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

444.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

445.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

446.     Defendant has been unjustly enriched at the expense of the Plaintiff.

447.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

448.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LVII: UNJUST ENRICHMENT
### (By Karla Kam against Secure Medical Products, Inc)

449.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

450.     Plaintiff provided services to Defendant by serving as Operations Manager.

451.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

452.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

453.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

454.     Defendant has been unjustly enriched at the expense of the Plaintiff.

455.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

456.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LVIII: UNJUST ENRICHMENT
### (By Karla Kam against Paulina Lacs-Franco, an individual)

457.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

458.     Plaintiff provided services to Defendant by serving as Operations Manager.

459.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

460.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

461.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

462.     Defendant has been unjustly enriched at the expense of the Plaintiff.

463.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

464.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LIX: UNJUST ENRICHMENT
### (By Karla Kam against Brian Sperber, an individual)

465.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

466.    Plaintiff provided services to Defendant by serving as Operations Manager.

467.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

468.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

469.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

470.    Defendant has been unjustly enriched at the expense of the Plaintiff.

471.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

472.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LX: UNJUST ENRICHMENT

**(By Karla Kam against Ark Medical Solutions, LLC)**

473.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

474.    Plaintiff provided services to Defendant by serving as Operations Manager.

475.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

476.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

477.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

478.    Defendant has been unjustly enriched at the expense of the Plaintiff.

479.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

480.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

**COUNT LXI: UNJUST ENRICHMENT**
**(By Karla Kam against Noah's Rose, LLC)**

481.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

482.    Plaintiff provided services to Defendant by serving as Operations Manager.

483.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

484.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

485.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

486.     Defendant has been unjustly enriched at the expense of the Plaintiff.

487.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

488.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT LXII: UNJUST ENRICHMENT
### (By Karla Kam against A Rose RE, LLC)

489.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

490.     Plaintiff provided services to Defendant by serving as Operations Manager.

491.     By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

492.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

493.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

494.     Defendant has been unjustly enriched at the expense of the Plaintiff.

495.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

496.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXIII: UNJUST ENRICHMENT
### (By Karla Kam against Now We R 4, LLC)

497.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

498.    Plaintiff provided services to Defendant by serving as Operations Manager.

499.    By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

500.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

501.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

502.    Defendant has been unjustly enriched at the expense of the Plaintiff.

503.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

504.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXIV: UNJUST ENRICHMENT
### (By Karla Kam against Roses Ark, LLC)

505.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

506.   Plaintiff provided services to Defendant by serving as Operations Manager.

507.   By serving as an Operations Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

508.   Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

509.   The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

510.   Defendant has been unjustly enriched at the expense of the Plaintiff.

511.   Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

512.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXV: UNJUST ENRICHMENT
### (By Karem Kam against Secure Medical Products, Inc)

513.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

514.   Plaintiff provided services to Defendant by serving as Credentialing Manager.

515.   By serving as a Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

516.   Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

517.   The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

518.   Defendant has been unjustly enriched at the expense of the Plaintiff.

519.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

520.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

**COUNT LXVI: UNJUST ENRICHMENT**
**(By Karem Kam against Paulina Lacs-Franco, an individual)**

521.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

522.    Plaintiff provided services to Defendant by serving as Credentialing Manager.

523.    By serving as a Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

524.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

525.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

526.    Defendant has been unjustly enriched at the expense of the Plaintiff.

527.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

528.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

**COUNT LXVII: UNJUST ENRICHMENT**

**(By Karem Kam against Brian Sperber, an individual)**

529.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

530.    Plaintiff provided services to Defendant by serving as Credentialing Manager.

531.    By serving as a Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

532.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

533.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

534.    Defendant has been unjustly enriched at the expense of the Plaintiff.

535.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

536.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXVIII: UNJUST ENRICHMENT
### (By Karem Kam against Ark Medical Solutions, LLC)

537.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

538.    Plaintiff provided services to Defendant by serving as Credentialing Manager.

539.    By serving as a Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

540.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

541.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

542.     Defendant has been unjustly enriched at the expense of the Plaintiff.

543.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

544.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXIX: UNJUST ENRICHMENT
### (By Karem Kam against Noah's Rose, LLC)

545.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

546.     Plaintiff provided services to Defendant by serving as Credentialing Manager.

547.     By serving as Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

548.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

549.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

550.     Defendant has been unjustly enriched at the expense of the Plaintiff.

551.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

552.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXX: UNJUST ENRICHMENT
### (By Karem Kam against A Rose RE, LLC)

553. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

554. Plaintiff provided services to Defendant by serving as Credentialing Manager.

555. By serving as Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

556. Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

557. The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

558. Defendant has been unjustly enriched at the expense of the Plaintiff.

559. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

560. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXI: UNJUST ENRICHMENT
### (By Karem Kam against Now We R 4, LLC)

561. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

562.    Plaintiff provided services to Defendant by serving as Credentialing Manager.

563.    By serving as Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

564.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

565.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

566.    Defendant has been unjustly enriched at the expense of the Plaintiff.

567.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

568.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXII: UNJUST ENRICHMENT
### (By Karem Kam against Roses Ark, LLC)

569.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

570.    Plaintiff provided services to Defendant by serving as Credentialing Manager.

571.    By serving as a Credentialing Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

572.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

573.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

574.    Defendant has been unjustly enriched at the expense of the Plaintiff.

575.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

576.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT LXXIII: UNJUST ENRICHMENT
### (By Jorge Barrios against Secure Medical Products, Inc)

577.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

578.     Plaintiff provided services to Defendant by serving as Patient Care Manager.

579.     By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

580.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

581.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

582.     Defendant has been unjustly enriched at the expense of the Plaintiff.

583.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

584.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT LXXIV: UNJUST ENRICHMENT

**(By Jorge Barrios against Paulina Lacs-Franco, an individual)**

585.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

586.     Plaintiff provided services to Defendant by serving as Patient Care Manager.

587.     By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

588.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

589.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

590.     Defendant has been unjustly enriched at the expense of the Plaintiff.

591.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

592.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXV: UNJUST ENRICHMENT
### (By Jorge Barrios against Brian Sperber, an individual)

593.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

594.     Plaintiff provided services to Defendant by serving as Patient Care Manager.

595.     By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

596.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

597. The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

598. Defendant has been unjustly enriched at the expense of the Plaintiff.

599. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

600. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXVI: UNJUST ENRICHMENT
### (By Jorge Barrios against Ark Medical Solutions, LLC)

601. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

602. Plaintiff provided services to Defendant by serving as Patient Manager.

603. By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

604. Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

605. The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

606. Defendant has been unjustly enriched at the expense of the Plaintiff.

607. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

608. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXVII: UNJUST ENRICHMENT
### (By Jorge Barrios against Noah's Rose, LLC)

609.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

610.    Plaintiff provided services to Defendant by serving as Patient Care Manager.

611.    By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

612.    Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

613.    The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

614.    Defendant has been unjustly enriched at the expense of the Plaintiff.

615.    Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

616.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXVIII: UNJUST ENRICHMENT
### (By Jorge Barrios against A Rose RE, LLC)

617.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

618.  Plaintiff provided services to Defendant by serving as Patient Care Manager.

619.  By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

620.  Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

621.  The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

622.  Defendant has been unjustly enriched at the expense of the Plaintiff.

623.  Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

624.  Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXIX: UNJUST ENRICHMENT
### (By Jorge Barrios against Now We R 4, LLC)

625.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

626.  Plaintiff provided services to Defendant by serving as Patient Care Manager.

627.  By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

628.  Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

629.  The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

630.  Defendant has been unjustly enriched at the expense of the Plaintiff.

631.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

632.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXX: UNJUST ENRICHMENT
### (By Jorge Barrios against Roses Ark, LLC)

633.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

634.     Plaintiff provided services to Defendant by serving as Patient Care Manager.

635.     By serving as Patient Care Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

636.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

637.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

638.     Defendant has been unjustly enriched at the expense of the Plaintiff.

639.     Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

640.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXI: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Sherrie Semplicino against Secure Medical Products, Inc)

641.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

642.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

643.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

644.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

645.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

646.     Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

647.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Sherrie Semplicino against Paulina Lacs-Franco, an individual)

648.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

649.     Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

650.     Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

651.     The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

652.     Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

653.     Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

654.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXIII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Sherrie Semplicino against Brian Sperber, an individual)

655.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

656.     Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

657.     Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work

performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

658.     The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

659.     Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

660.     Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

661.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXIV: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Sherrie Semplicino against Ark Medical Solutions, LLC)

662.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

663.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

664.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

665.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

666.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

667.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

668.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXV: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Karla Kam against Secure Medical Products, Inc)

669.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

670.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

671.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

672.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

673.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee. Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees. Defendant's failure to compensate Plaintiff is also unfair

because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

674.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

675.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXVI: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Karla Kam against Paulina Lacs-Franco, an individual)

676.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

677.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

678.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

679.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be

compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

680.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

681.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

682.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXVII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Karla Kam against Brian Sperber, an individual)

683.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

684.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

685.     Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

686.     The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

687.     Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

688.     Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

689.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXVIII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")

**(By Karla Kam against Ark Medical Solutions, LLC)**

690.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

691.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

692.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

693.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

694.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

695.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

696.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT LXXXIX: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") (By Karem Kam against Secure Medical Products, Inc.)

697.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

698.     Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

699.     Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

700.     The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

701.     Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer

has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

702.   Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

703.   Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XC: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") (By Karem Kam against Paulina Lacs-Franco, an individual)

704.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

705.   Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

706.   Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

707.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

708.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

709.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

710.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

**COUNT XCI: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")**
**(By Karem Kam against Brian Sperber, an individual)**

711.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

712.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

713.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

714.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

715.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

716.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

717.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XCII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Karem Kam against Ark Medical Solutions, LLC)

718.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

719.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

720.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

721.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

722.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair

because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

723.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

724.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XCIII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Jorge Barrios against Secure Medical Products, Inc.)

725.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

726.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

727.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

728.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be

compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

729.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

730.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

731.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

W

## COUNT XCIV: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Jorge Barrios against Paulina Lacs-Franco, an individual)

732.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

733.    Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

734.    Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

735.    The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

736.    Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

737.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

738.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XCV: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")

**(By Jorge Barrios against Brian Sperber, an individual)**

739.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

740.   Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

741.   Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

742.   The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

743.   Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

744.   Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

745.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XCVI: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (By Jorge Barrios against Ark Medical Solutions, LLC)

746.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

747.     Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

748.     Defendant was engaged in deceiving the Plaintiff to continue to work under the guise that she would later be compensated. However, the Defendant did not compensate the Plaintiff for all amounts owed and never intended to compensate the Plaintiff for the work performed. Therefore, the Defendant has engaged in an unconscionable act, as well as unfair and deceptive practices.

749.     The Defendant did not pay the Plaintiff for all money owed but the Plaintiff continued to work in good faith as the Defendant promised that the Plaintiff would soon be compensated. Defendant's assurance that the Plaintiff would be compensated is both a deceptive and an unfair practice as it relates to employees.

750.     Plaintiff was harmed by this because she was deprived of the lost wages due her as an employee.  Defendant's failure to compensate Plaintiff deceives consumers because a consumer

has a reasonable expectation that the companies that it purchases from are operating lawfully and properly paying their employees.  Defendant's failure to compensate Plaintiff is also unfair because lawful competition cannot fairly compete with a competitor that uses unlawful tactics to reduce its costs.

751.    Defendant's actions were deceptive and unfair trade practices in violation of FDUTPA.

752.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to FDUTPA.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT XCVII: FRAUD IN THE INDUCEMENT
### (By Sherrie Semplicino against Secure Medical Products, Inc.)

753.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

754.    Defendant, through its agents Paulina Lacs-Franco and Brian Sperber, falsely represented that the Defendant would compensate Plaintiff for past and future work.

755.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

756.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

757.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

758.

As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.    WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XCVIII: FRAUD IN THE INDUCEMENT
### (By Sherrie Semplicino against Paulina Lacs-Franco, an individual)

759.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

760.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

761.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

762.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

763.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

764.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT XCIX: FRAUD IN THE INDUCEMENT
### (By Sherrie Semplicino against Brian Sperber, an individual)

765.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

766.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

767.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

768.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

769.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

770.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT C: FRAUD IN THE INDUCEMENT
### (By Karla Kam against  Secure Medical Products, Inc.)

771.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

772.    Defendant, through its agents Paulina Lacs-Franco and Brian Sperber, falsely represented that the Defendant would compensate Plaintiff for past and future work.

773.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

774.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

775.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

776.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CI: FRAUD IN THE INDUCEMENT
### (By Karla Kam against Paulina Lacs-Franco, an individual)

777.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

778.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

779.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

780.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

781.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

782.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CII: FRAUD IN THE INDUCEMENT
### (By Karla Kam against Brian Sperber, an individual)

783.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

784.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

785.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

786.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

787.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

788.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CIII: FRAUD IN THE INDUCEMENT
### (By Karem Kam against Secure Medical Products, Inc.)

789.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

790.    Defendant, through its agents Paulina Lacs-Franco and Brian Sperber, falsely represented that the Defendant would compensate Plaintiff for past and future work.

791.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

792.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

793.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

794.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CIV: FRAUD IN THE INDUCEMENT
### (By Karem Kam against Paulina Lacs-Franco, an individual)

795.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

796.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

797.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

798.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

799.     Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

800.     As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CV: FRAUD IN THE INDUCEMENT
### (As it applies to Karem Kam and Brian Sperber, an individual)

801.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

802.     Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

803.     At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

804.     Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

805.     Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

806.     As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CVI: FRAUD IN THE INDUCEMENT
### (By Jorge Barrios against Secure Medical Products, Inc.)

807.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

808.    Defendant, through its agents Paulina Lacs-Franco and Brian Sperber, falsely represented that the Defendant would compensate Plaintiff for past and future work.

809.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

810.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

811.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

812.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CVII: FRAUD IN THE INDUCEMENT
### (By Jorge Barrios against Paulina Lacs-Franco)

813.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

814.    Defendant falsely represented that the Defendant would compensate Plaintiff for past and future work.

815.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

816.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

817.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

818.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CVIII: FRAUD IN THE INDUCEMENT
### (By Jorge Barrios against Brian Sperber, an individual)

819.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

820.    Defendant, through its agents Paulina Lacs-Franco and Brian Sperber, falsely represented that the Defendant would compensate Plaintiff for past and future work.

821.    At the time of Defendant's false representation, Defendant did not intend to compensate Plaintiff.

822.    Defendant intended its false representation to induce Plaintiff to continue to perform work for Defendant.

823.    Justifiably relying on Defendant's representation, Plaintiff continued to perform work for Defendant.

824.    As a result of Plaintiff's justifiable reliance on Defendant's misrepresentation, Plaintiff was damaged.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CIX: RECOVERY OF WORTHLESS CHECK
### (By Sherrie Semplicino against Secure Medical Products, Inc.)

825.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

826.    The Defendant issued numerous checks to the Plaintiff, all of which the Plaintiff was unable to cash. The checks were dated as follows: December 31, 2020 for the period of December 13, 2020 to December 26, 2020 in the amount of $2,421.02, January 15, 2021 for the period of December 27, 2020 to January 9, 2021 in the amount of $2,421.02, January 29, 2021 for the period of January 10, 2021 to January 23, 2021 in the amount of $2,421.02, February 12, 2021 for the period of January 24, 2021 to February 6, 2021 in the amount of $2,178.92, February 26, 2021 for the period of February 7, 2021 through February 20, 2021 in the amount of $1,694.71 and March 12, 2021 for the period of February 21, 2021 to March 6, 2021 in the amount of $2,178.92.

827.    As a result of the Defendant's action in issuing worthless checks, Plaintiff has been damaged.

828.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to statute.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for three times the amounts of the worthless checks, all service fees incurred,  together with court costs and attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT CX: RECOVERY OF WORTHLESS CHECK
### (By Karla Kam against Secure Medical Products, Inc.)

829.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

830.    The Defendant issued numerous checks to the Plaintiff, all of which the Plaintiff was unable to cash. The checks were dated as follows: December 31, 2020 for the period of December 13, 2020 to December 26, 2020 in the amount of $1,607.12, January 15, 2021 for the period of December 27, 2020 to January 9, 2021 in the amount of $1,607.12, January 29, 2021 for the period of January 10, 2021 to January 23, 2021 in the amount of $1,607.12, February 12, 2021 for the period of January 24, 2021 to February 6, 2021 in the amount of $1,252.50, February 26, 2021 for the period of February 7, 2021 through February 20, 2021 in the amount of $1,446.41 and March 12, 2021 for the period of February 21, 2021 to March 6, 2021 in the amount of $1,607.12.

831.    As a result of the Defendant's action in issuing worthless checks, Plaintiff has been damaged.

832.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to statute.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for three times the amounts of the worthless checks, all service fees incurred, together with court costs and attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT CXI: RECOVERY OF WORTHLESS CHECK

**(By Karem Kam against Secure Medical Products, Inc.)**

833.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

834.     The Defendant issued numerous checks to the Plaintiff, all of which the Plaintiff was unable to cash. The checks were dated as follows: December 31, 2020 for the period of December 13, 2020 to December 26, 2020 in the amount of $1,350.60, January 15, 2021 for the period of December 27, 2020 to January 9, 2021 in the amount of $1,350.60, January 29, 2021 for the period of January 10, 2021 to January 23, 2021 in the amount of $1,350.60, February 12, 2021 for the period of January 24, 2021 to February 6, 2021 in the amount of $1,080.48, and February 26, 2021 for the period of February 7, 2021 through February 20, 2021 in the amount of $320.77.

835.     As a result of the Defendant's action in issuing worthless checks, Plaintiff has been damaged.

836.     Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to statute.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for three times the amounts of the worthless checks, all service fees incurred, together with court costs and attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## COUNT CXII: RECOVERY OF WORTHLESS CHECK
**(By Jorge Barrios against Secure Medical Products, Inc.)**

837.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

838.     The Defendant issued numerous checks to the Plaintiff, all of which the Plaintiff was unable to cash. The checks were dated as follows: December 31, 2020 for the period of December 13, 2020 to December 26, 2020 in the amount of $1,477.60, January 15, 2021 for the

period of December 27, 2020 to January 9, 2021 in the amount of $1,477.60, January 29, 2021 for

the period of January 10, 2021 to January 23, 2021 in the amount of $1,477.60, and February 12,

2021 for the period of January 24, 2021 to February 6, 2021 in the amount of $1,182.08,

839.    As a result of the Defendant's action in issuing worthless checks, Plaintiff has been

damaged.

840.    Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for

which fees Defendant is liable pursuant to statute.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for three times the

amounts of the worthless checks, all service fees incurred, together with court costs and attorneys'

fees, and such other and further relief as this Court deems just and appropriate.

## COUNT CXIII: 26 U.S.C. SEC. 7434
### (By Jorge Barrios against Secure Medical Products, Inc.)

841.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 48 above as if fully set forth herein.

842.    Defendant violated 26 U.S.C. Sec. 7434 by willfully filing fraudulent information

returns.

843.    Defendant issued the Plaintiff an inaccurate W-2 reflecting compensation he did

not receive.

844.    Plaintiff is entitled to damages resulting in harm to him for Defendant's violation

of this statute.

845.    As a direct and proximate result of Defendant's acts, Plaintiff suffered and

continues to suffer damages.

846.    Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint was served on the

U.S. Internal Revenue Service, 1700 Palm Beach Lakes Blvd., West Palm Beach, FL 33401.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT CXIV: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Secure Medical Products, Inc)

847.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

848.    Plaintiff, KARLA KAM, worked for Defendant from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

849.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

850.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

851.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

852.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

853.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

854.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXV: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Paulina Lacs-Franco, an individual)

855.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

856.    Plaintiff, KARLA KAM, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

857.     The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

858.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

859.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

860.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

861.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

862.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXVI: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Brian Sperber, an individual)

863.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

864.     Plaintiff, KARLA KAM, worked for Defendant, BRIAN SPERBER, an individual, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

865.      The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

866.     Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

867.     During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

868.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

869.     By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

870.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNTCXVII: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Ark Medical Solutions, LLC)

871.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

872.     Plaintiff, KARLA KAM, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

873.      The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

874.     Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

875.     During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

876.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

877.     By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

878.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXVIII: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Noah's Rose, LLC)

879.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

880.    Plaintiff, KARLA KAM, worked for Defendant, NOAH'S ROSE, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

881.     The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

882.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

883.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

884.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

885.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

886.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXIX: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against A Rose RE, LLC)

887.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

888.    Plaintiff, KARLA KAM, worked for Defendant, A Rose RE, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

889.     The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

890.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

891.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

892.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

893.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

894.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXX: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Now We R 4, LLC)

895.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

896.    Plaintiff, KARLA KAM, worked for Defendant, NOW WE R 4, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

897.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

898.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

899.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

900.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

901.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

902.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXXI: FLSA RECOVERY OF OVERTIME WAGES
### (By Karla Kam against Roses Ark, LLC)

903.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

904.    Plaintiff, KARLA KAM, worked for Defendant, ROSES ARK, LLC, from approximately April 1, 2020 to March 5, 2021. Plaintiff's title was Operations Manager.

905.    The Defendant agreed to pay the Plaintiff, KARLA KAM, $49,920.00 per year and to pay earned wages on a bi-weekly basis.

906.    Plaintiff, KARLA KAM, worked on average 40-45 hours per week. From April 1, 2020 to January 31, 2021, she worked 45 hours per week, and then 40 hours per week from February 1, 2021 through March 5, 2021.

907.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

908.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

909.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

910.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXXII: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Secure Medical Products, Inc)

911.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

912.    Plaintiff, JORGE BARRIOS, worked for Defendant, SECURE MEDICAL PRODUCTS, INC., from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

913.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

914.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

915.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

916.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

917.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

918.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXXIII: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Paulina Lacs-Franco, an individual)

919.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

920.    Plaintiff, JORGE BARRIOS, worked for Defendant, PAULINA LACS-FRANCO, an individual, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

921.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

922.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

923.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

924.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

925.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

926.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXXIV: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Brian Sperber, an individual)

927.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

928.    Plaintiff, JORGE BARRIOS, worked for Defendant, BRIAN SPERBER, an individual, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

929.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

930.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

931.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

932.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

933.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

934.    Plaintiff is owed an additional amount equal to the amount of overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT CXXV: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Ark Medical Solutions, LLC)

935.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

936.    Plaintiff, JORGE BARRIOS, worked for Defendant, ARK MEDICAL SOLUTIONS, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

937.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

938.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

939.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

940.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

941.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

942.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXXVI: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Noah's Rose, LLC)

943.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

944.    Plaintiff, JORGE BARRIOS, worked for Defendant, NOAH'S ROSE, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

945.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

946.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

947.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

948.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

949.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

950.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXXVII: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against A Rose RE, LLC)

951.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

952.    Plaintiff, JORGE BARRIOS, worked for Defendant, A Rose RE, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

953.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

954.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

955.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

956.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

957.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

958.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXXVIII: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Now We R 4, LLC)

959.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

960.     Plaintiff, JORGE BARRIOS, worked for Defendant, NOW WE R 4, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

961.     The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

962.     Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

963.     During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

964.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

965.     By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

966.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT CXXIX: FLSA RECOVERY OF OVERTIME WAGES
### (By Jorge Barrios against Roses Ark, LLC)

967.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

968.    Plaintiff, JORGE BARRIOS, worked for Defendant, ROSES ARK, LLC, from approximately August 6, 2020 to February 3, 2021. Plaintiff's title was Patient Care Manager.

969.    The Defendant agreed to pay the Plaintiff, JORGE BARRIOS, $41,600.00 per year and to pay earned wages on a bi-weekly basis.

970.    Plaintiff, JORGE BARRIOS, worked on average 40 to 45 hours per week. From October 1, 2020 to February 3, 2021, he worked 45 hours per week.

971.    During one or more workweeks, Defendant did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

972.    Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

973.    By reason of the intentional, willful and unlawful acts of the Defendant, Plaintiff has suffered damages.

974.    Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of November, 2021

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064

123

P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiffs