**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-62358-ALTMAN/Hernandez**

**SHERRIE SEMPLICO**, *et al.*,

*Plaintiffs*,

*v.*

**SECURE MEDICAL PRODUCTS, INC.**, *et al.*,

*Defendants.*

______________________________________/

# ORDER

Before the Court is Plaintiff Sherrie Semplicino's ("Plaintiff Semplicino") Motion for Writ of Garnishment as to Truist Bank ("Motion"), [ECF No. 60], that was referred for disposition, [ECF No. 61]. No response was filed in opposition, which means the Motion may be granted by default under Southern District of Florida Local Rule 7.1(c)(1). Beyond that default and turning to the merits, the Court has carefully reviewed the Motion, all documents and pleadings on file, and the applicable law, and is otherwise fully advised. For the reasons below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Semplicino and Karla Kam, Karem Kam,[1] and Jorge Barrios (collectively "Plaintiffs") filed an Amended Complaint raising the following causes of action: forty-eight Fair Labor Standards Act claims, 29 U.S.C. §§ 206, 207, [ECF No. 4 ¶¶ 49–304, 847–974]; sixteen Florida Deceptive and Unfair Trade Practices Act claims, Fla. Stat. §§ 501.201–501.213, *id.* ¶¶ 641–752; one 26 U.S.C. § 7434 claim for fraudulently filed returns, *id.* ¶¶ 841–46; sixteen breach-of-contract claims, *id.* ¶¶ 305–84; thirty-two unjust-enrichment claims, *id.* ¶¶ 385–640; and twelve fraud-in-the-inducement claims, *id.* ¶¶ 753–824. Additionally, Plaintiffs brought four claims for the recovery of a worthless check under

[1] The Amended Complaint misspells these plaintiffs' names as "Cam." *See* [ECF No. 4].

Florida Statutes section 68.065. *Id.* ¶¶ 825–40.

Plaintiffs moved for final default judgment, [ECF No. 49], which the Court granted as to all but the worthless-check claims. [ECF No. 51 at 2]. The Court then entered a Final Default Judgment. [ECF No. 58].

On August 2, 2026, Plaintiff Semplicino filed the instant Motion, seeking a Writ of Garnishment ("Writ") on Truist Bank. [ECF No. 60]. Defendants did not file a response. According to the Motion, "Defendant[2] suggests that Truist Bank is indebted to, or has tangible or intangible personal property of Secure Medical Products, Inc., Palina Lacs-Franco, Brian Sperber and/or Ark Medical Solutions, LLC," *id.* ¶ 3, that is, four of the eight defendants in this case. Plaintiff Semplicino further represents that she "does not believe that Defendant has in its possession visible property upon which a levy can be made sufficient to satisfy the Final Judgment," *id.* ¶ 2, and therefore proposes the Writ as a means of securing alternative satisfaction of the Court's judgment, *id.* ¶ 4.

Because Plaintiff Semplicino has made the required showing at this stage for the issuance of a Writ, we **GRANT** the Motion.

## ANALYSIS

Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Florida law permits a judgment creditor to obtain a writ of garnishment for "any debt due to defendant by a third person . . . and any tangible or intangible personal property of defendant in the possession or control of a third person." Fla. Stat. § 77.01. Chapter 77, which governs garnishment in satisfaction of a judgment, establishes the process by which judgment

[2] Plaintiff uses the singular and plural forms at various points in the Motion without identifying any individual defendant.

creditors such as Plaintiff Semplicino seek to garnish property.

A judgment creditor begins the garnishment process by filing a motion that states the amount of the judgment. Fla. Stat. § 77.03. The writ is then issued, *id.*, and the creditor serves the writ on the garnishee, Fla. Stat. §§ 77.04, 77.041(2). Florida's garnishment statutes require that within 3 business days after the writ is served—or within 5 business days of the writ being issued, whichever is later—the creditor must mail a copy of the motion and issued writ to the debtor's last known address. Fla. Stat. § 77.041(2). After the writ is served, the garnishee has twenty days to answer. Fla. Stat. § 77.04. The creditor must also, within five days after service of the garnishee's answer, mail to the judgment debtor a copy of the answer and a notice of the right to move to dissolve the writ. Fla. Stat. § 77.055. A judgment lien is created when a writ of garnishment is served on the garnishee, before any service on the debtor is required. Fla. Stat. § 77.06(1) ("Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control.").

The Court concludes that Plaintiff Semplicino is entitled to the issuance of the requested writ. Plaintiff Semplicino has an unsatisfied judgment and represents that she does not believe "Defendant has in its possession visible property upon which a levy can be made sufficient to satisfy the Final Judgment." [ECF No. 60 ¶ 2]. And given the additional representation that "Truist Bank is indebted to, or has tangible or intangible personal property of" certain defendants that may be used to satisfy the judgment, *id.* ¶ 3, a writ is appropriate. After the writ is issued, Truist will be notified under the statutory notice requirements in section 77.041(2) (requiring notice of motion and writ) and section 77.055 (requiring service of the garnishee's answer and notice of the right to dissolve the writ). At that point, Truist may elect to appear and contest any part of the writ before garnishment is executed, but it has no right to a hearing pre-issuance. *See Stansell v. Lopez Bello*, 802 F. App'x 445, 448 (11th Cir. 2020) ("*Stansell II*") (holding that the claimants "had no entitlement to a hearing prior to attachment

or before a writ of execution [was] issued") (cleaned up) (quoting *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 729 (11th Cir. 2014) ("*Stansell I*")).

Accordingly, Plaintiff's Motion is **GRANTED**, and the Clerk is directed to issue a writ of garnishment—in the form attached to Plaintiff's Motion, [ECF No. 60-1]—for the Truist account. The entry of this Order is without prejudice to all further proceedings necessary for any entry of judgment on the writ of garnishment, including the consideration of any defenses or intervention that may follow upon issuance of the Writ.

**DONE AND ORDERED** in the Southern District of Florida on August 20, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record